IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND COOPERATION FUNDS,<br><br>Plaintiffs,<br><br>v.<br><br>DE'COR CONSTRUCTION, INC., an Illinois corporation; and ROB OLSZIEWSKI, Individually,<br><br>Defendants. | **FILED**<br>**MARCH 4, 2008**<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>No. **PH** **08 C 1299**<br><br>Judge **JUDGE LEFKOW**<br>**MAGISTRATE JUDGE ASHMAN** |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND COOPERATION FUNDS, by their attorneys, DONALD D. SCHWARTZ , JAMES R. ANDERSON, ANTHONY B. SANDERS and ARNOLD AND KADJAN, complain against the Defendants, **DE'COR CONSTRUCTION, INC.,**, an Illinois corporation, and **ROB OLSZIEWSKI**, Individually, as follows:

### COUNT I

### Jurisdiction and Venue

1.     This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

2.     The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section

1132(e) as the Plaintiffs Funds are administered here in this judicial district.

## The Parties

3.    The Plaintiffs are the Trustees of the Chicago Painters and Decorators Pension, Welfare, Savings, Apprenticeship, Scholarship, and Cooperation Funds ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

4.    The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

5.    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

6.    **DE'COR CONSTRUCTION,, INC. ("DECOR ")**, an Illinois corporation, on or about May 26, 2004 executed a Labor Agreement with the Union ans adopted the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. Copies of the agreements are attached as Exhibit 1.

## The Agreements

7.    Pursuant to the provisions of the Labor Agreement, **DECOR** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described

therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **DECOR** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **DECOR** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **DECOR** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **DECOR** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

## The Claim

9. **DECOR** has breached the provisions of the Labor Agreement and Trust Agreements by failing to make all of the required contributions from November, 2007 through the present.

10. Pursuant to the provisions of the Labor Agreement and Trust Agreements, **DECOR** is required to pay liquidated damages, auditor fees and all attorneys's fees and court costs incurred by the Funds in the collection process.

11. Plaintiffs have complied with all conditions precedent in bringing this suit.

12. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **DECOR.**

13. **DECOR** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

14. Pursuant to 29 U.S.C. Section 1132(g)(2)( c ), Plaintiffs are entitled to an amount equal to the greater of:

(i) interest on the unpaid contributions; or

(ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

## Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A. That judgment be entered in favor of Plaintiffs and against **DECOR** in the amount shown to be due on the reports;

B. That **DECOR** be ordered to produce its books and records for a fringe benefit contribution compliance audit for the period from December 1, 2006 through the present.

C. That judgment be entered in favor of Plaintiffs and against **DECOR** in the amount shown to be due on the audit;

D. That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the Labor Agreement and Trust Agreements and 29 .U.S.C. Section 1132(g); and

E. That this Court grant such other and further relief as may be appropriate under the circumstances.

## COUNT II

### Jurisdiction and Venue

1. Plaintiffs reallege paragraph 1 of the Complaint as and for paragraph 1 of this Count II.

2. Jurisdiction is also founded on this court's supplemental jurisdiction.

3. Plaintiffs reallege paragraph 2 of Count I as and for paragraph 3 of this Count II.

### The Parties

4-7. Plaintiffs reallege paragraphs 3 through 6 of Count I of the Complaint as and for paragraphs 3 through 6 of this Count II.

8. Defendant **ROB OLSZIEWSKI ("OLSZIEWSKI")** is an individual, who, at all pertinent times herein, has been a corporate officer of **DECOR,** and is, and individual who, on information and belief, resides within this judicial district.

### The Agreements

9-10. Plaintiffs reallege paragraphs 7 through 8 of Count I as and for paragraphs 9 through 10 of this Count II.

### The Claim

11. On or about December 1, 2006, **DECOR**, by and through its president, **OLSZIEWSKI**, executed an installment note to pay certain fringe benefits and other charges arising under the applicable provisions of ERISA. **OLSZIEWSKI** was a co-maker of the Note. A copy of the note is attached as Exhibit 2.

12. On or about February 1, 2008, **DECOR** and **OLSZIEWSKI** defaulted on the note by failing to make the payment that was due on February 1, 2008. Upon default, the balance

becomes immediately due and owing. $7,338.11 in principal remains due and owing on the note.

13.  Upon default, interest at the rate of eighteen percent per annum is owed, and pursuant to the terms of the note, Plaintiffs are entitled to reasonable costs of collection, including reasonable attorneys' fees.

WHEREFORE, Plaintiffs pray for the following relief:

A.  That this court enter judgment in favor of Plaintiffs and against the defendants, **DECOR** and **ROB OLSZIEWSKI,** jointly and severally, in the amount of **$7,338.11**, plus interest at the rate of eighteen percent per annum, until paid;

B.  Award Plaintiffs' their reasonable attorneys' fees as provided for by the applicable provisions of ERISA, and the terms of the note; and

C.  Award Plaintiffs such other and further relief as may be appropriate under the circumstances.

        Respectfully submitted,

        TRUSTEES OF THE CHICAGO PAINTERS
        AND DECORATORS PENSION
        FUND et al,

By:    S/James R. Anderson
          One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

EXHIBIT 1

Case 1:08-cv-01299 Document 1 Filed 03/04/2008 Page 7 of 13

## PAINTERS' DISTRICT COUNCIL #14
## (MEMORANDUM OF PAINTING AGREEMENT)

THIS AGREEMENT entered into by Painters' District Council #14 (hereinafter referred to as "The Union" and  Delcor Const  referred to as "the Employer", Witnesseth That:

WHEREAS, the PAINTING AND DECORATING CONTRACTORS; ASSOCIATION, (hereinafter "ASSOCIATION") and the UNION have reached agreement on Wages, Hours and terms and conditions of employment for the period of June 1, 2003 to May 31, 2008.

WHEREAS, the parties to this agreement wish to promote continued employment in the Industry, prevents interruption of work and agree to adopt such terms:

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

1. The Employer hereby recognizes the Union as the sole and exclusive bargaining representative of all Employer's employees performing work within the craft and geographic jurisdiction of the Union as the same exists as of the date hereof and including any such additional work or geographic area over which the Union may hereafter acquire jurisdiction with respects to Wages, Hours, and other terms and conditions of employment.

The Employer, in response to the Union's claim that it represents an uncoerced majority of each employer's Painting employees, has been authorized to and in fact does represent such majority of such employees in accordance with Section 9 of the Labor Relations Act without the need for a Board Certified Election.

2. The Employer acknowledges that he is bound to all terms and conditions of The Collective Bargaining Agreement between the Union and the Associations as applicable to him which expired at 12:00 midnight, May 31, 2003, and hereby reaffirms his continuing obligations with respect to all such provisions, acknowledges the renewal of all such provisions to the extent the same are no inconsistent with the provisions of the Agreement, and hereby agrees to the changes in the Agreement between and the Union and the Association and all subsequent amendments thereto and to any other changes subsequently negotiated by and between the Union and the applicable Association. Said Contracts are specifically incorporated by reference and made a part hereof.

3. The Collective Bargaining Agreement between the Union and Association, June 1, 2003, to May 31, 2008, and all subsequent amendments thereto are incorporated herein as if they were forth in full. The Employer agrees to be bound by the terms of the applicable Association Bargaining Agreement for the life of the negotiated Agreement.

4. The Employer agrees to pay the amount it is bound to pay under the Collective Bargaining Agreements to the Pension, Welfare, Apprentice and Savings Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such trust funds and such declarations are incorporated by reference herein. Said amounts are:

CHANGES EFFECTIVE June 1, 2003 thru May 31, 2004

| NEW PAINTING CONTRACT | TOTAL | PER HOUR $2.00 | |
|---|---|---|---|
| Wages | $31.35 | 1.50 | Increase |
| Welfare Fund | $4.70 | .40 | Increase |
| Pension Fund | $4.40 | .10 | Increase |
| Savings | .75 | (Deducted from Wages) | |
| Joint Cooperation | .01 | No | Increase |
| Education & Scholarship | .03 | No | Increase |
| Industry Advancement | .09 | No | Increase |
| JATC | .44 | No | Increase |

5. This Agreement shall become effective at 12:00 A.M., June 1, 2003, and shall remain in full force and effect until 12:00 P.M., May 31, 2008, or continue thereafter unless there has been given not less than sixty (60) days, nor more than ninety (90) days written notice by Registered or Certified Mail, prior to expiration by either party hereto to the desire to modify, amend or terminate this agreement through negotiations. The absence of such notice will result in the automatic renewal of this Agreement for the life of the newly negotiated area wide Agreements between the Union and the Association with all improvements, modifications and amendments thereto and incorporating them herein;

6. This document is the complete written agreement between the parties and can only be amended in writing by their parties. No other oral representations shall be binding on either party nor shall any party rely upon such oral statements that vary their terms of the written contract.

7. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEROF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this _26_ day of _MAY_, 200 _4_

**EMPLOYER:**

FIRM: _BO Decon Const_
(PRINT)

ADDRESS: _188 Jackson Lane Bloomingdale IL_
(PRINT)

NAME & TITLE _Robbi Olszewski    Owner_
(PRINT)

SIGNATURE _Robb Olszwth_        _Owner_
(PRINT)                    (TITLE)


Gerald C. Harms
Business Manager/Secretary-Treasurer
Painters' District Council #14

# PAINTERS' DISTRICT COUNCIL #14
## (MEMORANDUM OF TAPING AGREEMENT)

THIS AGREEMENT entered into by Painters' District Council #14 (hereinafter referred to as "The Union" and __De' Con Const__ referred to as "the Employer", Witnesseth That:

WHEREAS, THE CHICAGOLAND ASSOCIATION OF WALL AND CEILING CONTRACTORS/GYPSUM DRYWALL CONTRACTORS OF NORTHERN ILLINOIS (hereinafter "ASSOCIATION"), and the UNION have reached agreement on Wages, Hours and terms and conditions of employment for the period of June 1, 2003 to May 31, 2008.

WHEREAS, the parties to this Agreement wish to promote continued employment in the Industry, prevents interruption of work and agree to adopt such terms:

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

1. The Employer hereby recognizes the Union as the sole and exclusive bargaining representative of all Employer's employees performing work within the craft and geographic jurisdiction of the Union as the same exists as of the date hereof and including any such additional work or geographic area over which the Union may hereafter acquire jurisdiction with respects to Wages, Hours, and other terms and conditions of employment.

The Employer, in response to the Union's claim that it represents an uncoerced majority of each employer's Taping employees, has been authorized to and in fact does represent such majority of such employees in accordance with Section 9 of the Labor Relations Act without the need for a Board Certified Election.

2. The Employer acknowledges that he is bound to all terms and conditions of The Collective Bargaining Agreement between the Union and the Associations as applicable to him which expired at 12:00 midnight, May 31, 2003, and hereby reaffirms his continuing obligations with respect to all such provisions, acknowledges the renewal of all such provisions to the extent the same are no inconsistent with the provisions of the Agreement, and hereby agrees to the changes in the Agreement between and the Union and the Association and all subsequent amendments thereto and to any other changes subsequently negotiated by and between the Union and the applicable Association. Said Contracts are specifically incorporated by reference and made a part hereof.

3. The Collective Bargaining Agreement between the Union and Association, June 1, 2003, to May 31, 2008, and all subsequent amendments thereto are incorporated herein as if they were forth in full. The Employer agrees to be bound by the terms of the applicable Association Bargaining Agreement for the life of the negotiated Agreement.

4. The Employer agrees to pay the amount it is bound to pay under the Collective Bargaining Agreements to the Pension, Welfare, Apprentice and Savings Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such trust funds and such declarations are incorporated by reference herein. Said amounts are:

CHANGES EFFECTIVE June 1, 2003 thru May 31, 2004
### NEW TAPING CONTRACT

| | TOTAL | PER HOUR $1.37 | |
|---|---|---|---|
| Wages | $31.35 | 1.50 | Increase |
| Welfare Fund | $4.70 | .40 | Increase |
| Pension Fund | $4.40 | .10 | Increase |
| Savings | .75 | (Deducted from Wages) | |
| Joint Cooperation | .05 | No | Increase |
| Education & Scholarship | .01 | No | Increase |
| Industry Promotion | .03 | No | Increase |
| JATC | .43 | No | Increase |

5. This Agreement shall become effective at 12:00 A.M., June 1, 2003, and shall remain in full force and effect until 12:00 P.M., May 31, 2008, or continue thereafter unless there has been given not less than sixty (60) days, nor more than ninety (90) days written notice by Registered or Certified Mail, prior to expiration by either party hereto to the desire to modify, amend or terminate this agreement through negotiations. The absence of such notice will result in the automatic renewal of this Agreement for the life of the newly negotiated area wide Agreements between the Union and the Association with all improvements, modifications and amendments thereto and incorporating them herein:

6. This document is the complete written agreement between the parties and can only be amended in writing by their parties. No other oral representations shall be binding on either party nor shall any party rely upon such oral statements that vary their terms of the written contract.

7. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEROF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this _26_ day of _MAY_, 2004.

**EMPLOYER:**

FIRM: De'Leon Const
(PRINT)

ADDRESS: 188 Jackson Lane Bloomingdale
(PRINT)

NAME & TITLE: Robgi Olssewski, Owner
(PRINT)

SIGNATURE _[signature]_      Owner
(PRINT)                        (TITLE)


Gerald C. Harms
Business Manager/Secretary-Treasurer
Painters' District Council #14

EXHIBIT 2

Case 1:08-cv-01299   Document 1   Filed 03/04/2008   Page 12 of 13

# INSTALLMENT NOTE

($28,585.69)

December 1, 2006

For Value Received, the undersigned promises to pay to the order of **Chicago Painters and Decorators Fringe Benefit Funds** the principal sum of Twenty Six Thousand Five Hundred Fifty Five and 86/100 ($26,555.86) Dollars, payable in installments as follows:

One Thousand Five Hundred Four and 51/100 Dollars and 51/100 ($1,504.51) on the 1st day of December, 2006; One Thousand Five Hundred Four and 51/100 Dollars ($1,504.51) on the 1st day of each month beginning on the 1st day of January, 2007; and on the 1st of each month for 16 months succeeding; and a final payment of One Thousand Five Hundred Four and 51/100 ($1,504.51) on the 1st day of June, 2008, with interest on the balance of principal remaining from time to time unpaid at the rate of 10% per annum, payable on the due dates for installments of principal as aforesaid.

All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of 18% per annum. Payments of both principal and interest shall be delivered to Arnold and Kadjan, 19 West Jackson Boulevard, Suite 300, Chicago, Illinois 60604 or such other place as the legal holder hereof may from time to time in writing appoint.

At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of default in the payment, when due, of any installment or principal or interest, or any portion thereof, in accordance with the terms hereof. **Any failure to pay current fringe benefits as they become due shall constitute a default of this Note.** In the event of default, the payee or legal holder hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

The undersigned hereby authorizes, irrevocably, any attorney of any Court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof. If this Note is signed by more than one person, the obligations and authorizations hereunder shall be joint and several. All parties hereto severally waive presentment for payment, notice of dishonor and protest.

The makers of this Note acknowledge the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income Security Act, 29 U.S.C. 1145.

For: Audit: May 1, 2004 through November 30, 2005

_____          _____
DE'COR CONSTRUCTION, INC.,             Rob Olszewski, Individually
by Rob Olszewski, president
5050-2474, 360 Dublin Rd., Bloomingdale, IL 60108 (630)295-9680

OFFICIAL SEAL
GLENDA HAIDL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/03/10